**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

STEPHEN HARNEY,

    Plaintiff,

        v.                        CASE NO. 14-cv-24025

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, STEPHEN HARNEY ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for his Complaint against Defendant, GC SERVICES LIMITED PARTNERSHIP ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person at all times relevant residing in Miami, Florida, Dade County.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

6. Defendant is a business entity with an office located at 6330 Gulfton, Houston, Texas 77081.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) that used instrumentalities of interstate commerce or the mails to collect a debt from Plaintiff that owed or allegedly owed or due to another.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Prior to the filing of this action, Defendant acquired an account to collect funds from Plaintiff which were owed or due or allegedly owed and due ("Debt") to a creditor.

10. Upon information and belief, the Debt arises from transactions which were for personal, family and/or household purposes as that is the only type of debt that Plaintiff owes or allegedly owes.

11. In connection with the collection of the Debt, Defendant places telephone calls ("collection calls") to Plaintiff at telephone number (786) 440-60xx.

12. In or around September 2014, Defendant placed a collection call to Plaintiff and left the following voice message:

> This message is for Steven Harney, my name is [name inaudible]. I would appreciate you calling me back. You can reach me at 866-862-2793. Thank you.

13. Defendant did not, through it voice message, disclose Defendant's identity.

14. Defendant did not, through its voice message, state its name.

15. Defendant did not, through its voice message, state its agents' duties, role or position.

16. Defendant did not, through its voice message, state the nature of its business.

17. Defendant did not, through its voice message, disclose that it was a debt collector.

18. Defendant did not, through its voice message, disclose that the purpose of its call was to collect a debt.

19. Defendant placed the aforementioned collection call in connection with its attempt to collect the Debt.

20. Defendant did not have any reason to call Plaintiff except to further its attempts to collect the Debt.

21. Defendant, through its voice message, withheld its name in an effort to deceive Plaintiff as to Defendant's true identify.

22. Defendant, through its voice message, withheld the nature of its call to deceive Plaintiff as to Defendant's true purpose to collect funds from Plaintiff.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a) Defendant violated § 1692d(6) of the FDCPA by communicating with Plaintiff without providing meaningful disclosure of Defendant's identity; and

    b) Defendant violated § 1692e(11) of the FDCPA by failing to notify Plaintiff in the voice message that it was a debt collector.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

3

24. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

26. Any other relief that this Honorable Court deems appropriate.

                           RESPECTFULLY SUBMITTED,

                 By: /s/ Shireen Hormozdi
                    Shireen Hormozdi
                    Florida Bar No. 0882461
                    Krohn & Moss, Ltd
                    10474 Santa Monica Blvd., Suite 405
                    Los Angeles, CA 90025
                    Phone:  (323) 988-2400 x 267
                    Fax:     (866) 861-1390
                    shormozdi@consumerlawcenter.com
                    Attorney for Plaintiff